ROBERT JOHNSTON, BANKERS TITLE AND MORTGAGE GUARANTY COMPANY, AND WESTFIELD REALTY AS-SOCIATES, INCORPORATED, PETITIONERS, v. THE BOARD OF ADJUSTMENT AND THE TOWN COUNCIL OF WESTFIELD, NEW JERSEY, RESPONDENTS.

Argued May 5, 1937—Decided June 4, 1937.

Before Justices LLOYD, CASE and DONGES.

For the petitioners, *Earl A. Merrill.*

For the respondents, *Paul Q. Oliver.*

The opinion of the court was delivered by

CASE, J. This, except for the changes noted in the next sentence, is identical with the case considered by this court and reported in 15 *N. J. Mis. R.* 283. The changes are that a pamphlet entitled "General Ordinances of the Town of Westfield" is placed in our hands; the petitioners now disclaim any issue going to the validity or constitutionality of the state zoning statute or the municipal zoning ordinance and aver that they seek and pray only "for definitions * * * with such comment * * * as this court may choose to make;" notice of the argument and service of the petition and disclaimer have been made upon the attorney-general; and a brief affirmation on "belief" made by the attorney of the petitioners is appended to the petition. Still there is no evidence before us, no stipulation as to facts and no exhibits. The pamphlet above mentioned is not elevated to the position of an exhibit. While the title of the petition names the board of adjustment and the town council of Westfield as parties respondents, the body of the petition carries no allegations to sustain the title. Neither of the so-called respondents has been served with process or otherwise brought within the jurisdiction of the court except that counsel for the respondents appears for the purpose of asking a dismissal of the petition. There is nothing that answers to a state of case.

Practically all that we have is a questionnaire embraced within the petition, based upon no controversy, actual or threatened, presenting no issue to be determined and no principle of law to be passed upon or applied. There is no argument *pro* or *con*. The court is asked to define certain words and expressions said to be contained within the Westfield zoning ordinance. In legal aspect, the inquiry might as well have come by letter. It is contended that the determination of the court may be invoked to that end under section 2 of "An act concerning declaratory judgments and decrees," chapter 140, *Pamph. L.* 1924, *p.* 312, which provides that:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, munici-

pal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

What petitioners actually seek is to have the court limit and define, not with respect to an issue on a given state of facts, but generally, as would a dictionary, certain words and expressions enumerated in the petition and said to have been selected from the ordinance. Even though it be, as alleged in the petition, that the petitioners are the owners of improved real estate and desire to make profitable use thereof, it is not for the court to search out and list the various uses to which the premises may be lawfully applied under the ordinance; rather is it for the owners to determine upon the use or uses to which they wish, and consider that they are entitled, to apply the property, make application under the ordinance for an appropriate certificate of occupancy and by well known legal procedure pursue their remedy if the certificate be denied. No reason is shown why that beaten path should be avoided.

It is, we think, quite manifest that the Declaratory Judgment act was not intended to have such an unbounded field of operation as the petitioners seek to invoke. To determine the significance of a word with respect to a given controversy is one thing; to define that word, on mere request, against unknown interests and unforeseen issues, so that the world may know precisely what it means in all of its applications is quite another. The constitutional authority of the court so to adjudicate, even under legislative enactment, may well be doubted; and, as we have indicated, we consider that the statute does not so enact.

The petition will again be dismissed, with costs.