WILLIAM FURST, APPELLANT, v. A. & G. AMUSEMENT COMPANY, A CORPORATION, RESPONDENT.

Argued February 4, 1942—Decided April 23, 1942.

For the appellant, *William Furst, in pro per* (*Milton M. Unger*, on the brief).

For the respondent, *Abram I. Bluestein.*

The opinion of the court was delivered by

PARKER, J. The appeal is from the direction of a verdict for defendant in a contract case. No dispute of fact is involved, the determinative question being whether the contract sued on was illegal and therefore unenforceable. The trial court so held, and we concur in that holding. More specifically, the question is whether the agreement sued on involved a lottery, in the sense intended by our constitution and statute. Constitution, article 4, section 7, paragraph 2; *Comp. Stat.* 1910, *p.* 1764; *N. J. S. A.* 2:147-1 to 4.

The A. & G. Amusement Co., respondent herein, operated a motion picture theatre, and made a contract with a Colorado corporation named Affiliated Enterprises (under which the present appellant claims as assignee) for the privilege of utilizing what is called in the contract "Bank Night," one day a week. The contract price for this privilege was $15 per night, and the present suit was to recover for seventy-six nights. The defense of illegality was pleaded, and motion to strike it out was denied. The matter came to a trial, and on conceded facts, a verdict for defendant was directed, as has been said. Numerous grounds of appeal are in the record, but those argued and briefed all turn on the question whether a lottery was an essential feature of the contract. If so, the contract was illegal, and would not support an action.

The details of the scheme need not be set forth here in detail. The essential features, as we see them, are that certain

theatre proprietors hope to encourage trade by a weekly drawing for prizes: that such drawing is open to anyone registering his or her name in a book provided for that purpose, and without charge; that each name has its own number; that at stated intervals the numbers are placed in a suitable receptacle and numbers drawn therefrom, on the stage and at the time of the performance. The numbers are announced as drawn, and the corresponding names also announced both inside and outside the theatre. If the holder of a lucky number is in the audience he or she will claim the prize subject to identification: if not in the theatre, the holder, if present when the outside announcement is made, may enter the theatre gratis to make the claim, and unless this is done promptly, loses the prize.

If the distribution of "prizes" were a pure gift, we could agree that the proceeding did not constitute a lottery in the sense intended by the constitution and statute. There are various legal methods of determining rights and duties by lot. A trial jury is drawn by lot from the general panel. So also a grand jury is drawn from the general list. In partition suits, the statute lays down a definite scheme for assignment of the shares by lot. A lottery, in the illegal aspect, implies a consideration which at common law would support a contract: and it is elementary that such consideration may be either some benefit to the promisor or some inconvenience to the promisee. In the class of cases similar to that now before us—and there are a large number in the reports—an avowed object, and the inducement to a theatre proprietor to sign one of these contracts, is to stimulate the patronage of his theatre by catering to the natural gambling instinct of humanity in general. Those that pay to attend the performance may well be induced to do so when registering their names, by the prospect of hearing their names called and responding promptly. Those that have not paid for admission to the motion picture must at some inconvenience wait outside to be sure of hearing the announcement and of entering the theatre promptly thereafter. We have no hesitation in holding that the procedure was an unlawful "lottery" in the constitutional and statutory sense. The cases in other

jurisdictions are not uniform on this point, but we concur with those supporting the claim of respondent. A recent and well considered opinion on this subject which meets our entire concurrence, is that of the Superior Court of Delaware, decided in 1939. *Affiliated Enterprises* v. *Waller,* 1 *Terry* (*Del.*), 28; 5 *Atl. Rep.* (*2d*) 257. We share the view of that court that the consideration need not be pecuniary in character. The recent case of *State* v. *Berger,* 126 *N. J. L.* 39, is to the same effect.

To conclude, we consider that the verdict for defendant below was properly directed. The judgment will therefore be affirmed.

*For reversal*—None.