**GARDEN CITY CHAMBER OF COMMERCE, Inc., et al., Plaintiffs, v. WAGNER, Defendant.**

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1951.

Decided Nov. 16, 1951.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Irvin Gottlieb, Asst. Atty. Gen., and George Taylor, Asst. U. S. Atty., Brooklyn, N. Y., for the motion.

James G. Moore, Garden City, N. Y., Joseph H. Wackerman, Brooklyn, N. Y., of counsel for plaintiffs, opposed.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The motion is denied for the reasons stated by Judge Byers in the court below. D.C., 100 F.Supp. 769.

CLARK, Circuit Judge.

I dissent and vote to grant a stay pending appeal. The original scheme seems clearly a prohibited lottery. The merchants providing the prizes secured the inestimable advertising boon of bringing the potential prize-seeking customers right into their stores, following hard upon diligent examination of their shop window displays to discover the lucky prize numbers. And no one was really a hunter until he or she gave just that measure of participation; return of the initial post card—however helpful to the advertisers for further solicitations—did not bring the returner within reach of the prize.

The addition proffered during the litigation below would tender an alternative method of participation which seems practically illusory, but, so far as potentially effective, subject to much the same question as the original. It calls for search of a newspaper more than three months later for winning numbers not already redeemed. The excitement engendered by skillful advertising for the treasure hunt during the pre-Christmas buying rush will surely have spent its force by the next April; obviously those sufficiently interested to participate will do so at the time, as appears clearly to have been hoped and expected. But if any do remain sufficiently interested to search through spring newspaper advertising for their lucky numbers, they must still go to the appropriate stores to claim their rewards. True, perusal of the newspaper now takes the place of window shopping; otherwise the consideration given by the potential customer is the same.

Whatever personal doubts we may have as to the wisdom or desirability of Congress' moralistic fervor against lotteries, we must recognize that it has put a burden of rejection of lottery mail upon a postmaster which he cannot push aside. 39 U. S.C. § 259; 18 U.S.C. §§ 1302, 1303. In any event we should yield deference to a reasoned exercise of experienced administrative discretion.