### GARDEN CITY CHAMBER OF COMMERCE Inc. et al. v. WAGNER.

Civ. No. 11761.

United States District Court
E. D. New York.

April 14, 1952.

236

James G. Moore, Garden City, N. Y. for plaintiff.

Frank J. Parker, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., for defendant.

BYERS, District Judge.

There have been referred to the undersigned two motions in this cause, the first is "for judgment on the pleadings in favor of defendant, and for summary judgment, pursuant to Rules 12c and 56 of the Federal Rules [of Civil Procedure, 28 U.S.C. A.] in that there is no genuine issue as to any material facts, and that defendant is entitled to judgment as a matter of law."

The second and later made by plaintiffs is for summary judgment "striking out the defendant's answer and granting judgment for the plaintiffs in accordance with their prayer * * * in that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law."

The first motion is the second one made by defendant for summary judgment based upon the amended complaint filed on September 19, 1951 to which no answer had been filed when the earlier motion was made. That was denied and the reasons were stated in the opinion reported in D.C., 100 F.Supp. p. 769. An order was duly signed and filed embodying that decision on October 22, 1951.

Thereafter an application was made by the defendant to the Court of Appeals of this Circuit for a stay pending appeal; that application was denied, 192 F.2d 240, and the appeal from the order, notice of which was filed on November 1, 1951, was abandoned.

The decision of this Court sustaining the legal sufficiency of the amended complaint and the meritorious nature of the plaintiffs' cause has thus become a final determination of this controversy.

That state of affairs has not been altered by the filing of an answer on December 14, 1951 since the defendant's present motion asserts that there has not been imported into the cause a genuine issue as to any material facts. The answer therefore is impotent to revive a dispute as to the sufficiency of the amended complaint, or to initiate a new one based upon the same question of law.

For completeness it may be added that paragraphs 12 and 13 of the answer do not contain allegations of fact, but state in argumentative form that a "pledge" was exacted by the plaintiff in view of the language of the plaintiffs' card, which was attached to and formed a part of the said amended complaint. The phrase thereon set forth is: "I'd like to join the Garden City 1950 Treasure Hunt".

If that is a pledge, i. e. a solemn engagement, several lexicographers have been gravely misled.

It results from the foregoing that no issue is presented on the defendant's motion which this Court is called upon again to decide, and the first motion is therefore dismissed. The second motion does not require disposition in view of the history of this litigation as above recited. The law of the case has been settled and no occasion is presented for going over the same ground a second time. Something has been said by counsel informally about an amendment to the amended complaint in which the prayer for relief is expanded to cover future years. I do not understand that the cause as pleaded can be deemed to have been thereby expanded, even if the oral amendment has been consented to; the original decision was addressed to the amended complaint as filed, and if a new cause is sought to be presented hereafter, it will have to be dealt with as such.

Settle order dismissing both motions.