36 N.J. Super. 300 (1955)
115 A.2d 603
LUCKY CALENDAR CO., INC., PLAINTIFF,
v.
MITCHELL H. COHEN, PROSECUTOR OF PLEAS, CAMDEN COUNTY, N.J., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 4, 1955.
*302 Messrs. Gilhooly, Yauch & Fagan, attorneys for plaintiff (Mr. James E. Fagan appearing).
Mr. Mitchell H. Cohen, Prosecutor, attorney pro se.
LLOYD, J.S.C.
The complaint herein was filed by plaintiff against the defendant, the Prosecutor of Pleas of Camden County, New Jersey, to seek a declaratory judgment under N.J.S. 2A:16-50 et seq. that its sales promotional program which is entitled "Lucky Calendar" is lawful and not in violation of the Lottery Act (N.J.S. 2A:121-1 et seq.) and the Raffles Licensing Law (N.J.S.A. 5:8-50 et seq.), or any criminal statutes of this State. The defendant in his answer denies that plaintiff's "Lucky Calendar" activity and operation is a lawful and legal sales promotion and denies that the said "Lucky Calendar" is not a lottery or a violation of the Raffles Licensing Law. The matter has been submitted to the court by the plaintiff and the defendant on counter-motions for summary judgment on the pleadings and stipulation in lieu of testimony.
There is no dispute as to the facts. It is stipulated that plaintiff is a foreign corporation licensed to do business in New Jersey. Plaintiff sponsors and sells its "Lucky Calendar" promotional program, a copy of which was attached to the complaint, and which was described in detail in the stipulation filed herein. It has been and is operating the *303 "Lucky Calendar" program in other states where its legality has not been questioned. Plaintiff has a contract with American Stores Company which operates approximately 278 supermarkets in New Jersey, under the trade name "Acme Super Markets," to operate the "Lucky Calendar" program in said supermarkets. Several of these Acme supermarkets are located in Camden County.
The defendant, Prosecutor of the Pleas of Camden County, has informed the plaintiff that the "Lucky Calendar" promotional program is of doubtful legality and appears to have the characteristics and elements of a lottery in violation of the lottery statutes N.J.S. 2A:121-1 et seq. and the gaming laws, and threatens that if plaintiff operates said advertising program in Camden County, plaintiff may subject itself and its customer American Stores Company to arrest and criminal prosecution.
The "Lucky Calendar" program consists of saturation mailing of a calendar to householders in a market area. The calendar is distributed free and none are sold or distributed in the Acme supermarkets. No one can request a calendar. The facts are undisputed that no one pays anything or does anything to receive a calendar. The calendar has several coupons which can be detached and used for the purchase of enumerated articles at reduced prices. This feature of the calendar is not questioned in this suit.
The calendar has another coupon which the householder may, if she desires to participate in a free drawing for articles mentioned on the calendar, complete by filling in her name, address and telephone number and arrange to have the coupon deposited in the contest prize box located outside the checkout line in an Acme supermarket. No one is required to go into the shopping area to deposit the prize coupon, and anyone may deposit the same for the householder. No purchase is required to participate in the drawing. The winner is drawn by lot from the prize contest box. The winner is notified by mail or telephone and does not have to be present at the drawing and the prize is delivered to the winner without cost. The participant pays nothing, buys nothing *304 and does nothing except fill in the coupon as aforesaid with the name, address and telephone number and arrange to have it deposited in the contest prize box.
The first question presented is whether an actual controversy exists that is ripe for judicial interpretation. The Uniform Declaratory Judgment Act cannot be used to decide or declare rights or status of parties upon a state of facts which are future, contingent and uncertain. The act is not to be used to obtain advisory opinions. Tanner v. Boynton Lumber Co., 98 N.J. Eq. 85 (Ch. 1925).
However, in determining the question of jurisdiction, the statute itself provides it is remedial and shall be liberally construed and administered. N.J.S. 2A:16-51. The courts have recognized the legislative intent and have liberally construed and administered the statute to carry out its declared purpose. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 239 (1949); New Jersey Bankers Association v. Van Riper, 1 N.J. 193 (1948).
Plaintiff has been and is presently engaged in the business of sponsoring the "Lucky Calendar" program in several states. It has a contract to operate the identical program in New Jersey for the Acme supermarkets. Plaintiff is a "going business," and has been told by the defendant that its operations have the characteristics or elements of a lottery, and if it operates both plaintiff and its customer, American Stores Company, may be subject to arrest and criminal prosecution. Both of these companies are reputable business enterprises. They both seek to continue and expand their business operations. To run the risk of arrest and criminal prosecution would cause them immediate and irreparable injury. The publicity accompanying an arrest would never be undone by a subsequent dismissal of the criminal complaint or an acquittal at a later date. Plaintiff only desires to continue and expand a program it is presently operating. Plaintiff's business is presumed lawful until it is proven otherwise.
The right to pursue a lawful business is a property right that the law protects against unjustifiable interference. *305 Any act which unjustifiably disturbs or impedes the enjoyment of such a right constitutes a wrongful invasion. Louis Kamm, Inc. v. Flink, 113 N.J.L. 582 (E. & A. 1934).
The defendant has put plaintiff on notice that the defendant considers the "Lucky Calendar" program unlawful. Under such circumstances, the defendant, as Prosecutor of Camden County, is duty-bound to prosecute if plaintiff's program is put in operation, or else the defendant will be guilty of a breach of his duty rendering himself liable to indictment. Under such circumstances, defendant had no alternative but to arrest and prosecute. State v. Winne, 12 N.J. 152 (1953).
The legality of plaintiff's "Lucky Calendar" operation is questioned and its status uncertain. Plaintiff should not be compelled or obliged to expose itself and its customer to the risk of arrest, criminal prosecution and the adverse legal and economic embarrassment accompanying the same, in an endeavor to secure an adjudication of the legality of its established business. It has been hampered in carrying on its business with the freedom which it claims it is entitled to enjoy. It asserts a definite legal right and since that right is denied by the defendant there exists a justiciable controversy justifying maintenance of an action for declaratory judgment. Blackman v. Iles, 4 N.J. 82 (1950); Thrillo Inc. v. Scott, 15 N.J. Super. 124, 131 (Cty. Ct. 1951); Sperry & Hutchinson Co. v. Margetts, 25 N.J. Super. 568, 577 (Ch. Div. 1953).
The three elements necessary to constitute a lottery are: (1) the awarding of a prize, (2) by chance, and (3) for a consideration. All three elements must be present. Federal Communications Commission v. American Broadcasting Company, Inc., 347 U.S. 28, 74 S.Ct. 593, 98 L.Ed. 699 (1954). It is admitted the first two elements  (1) awarding of a prize and (2) by chance  are present. The issue narrows down to whether the third element, "for a consideration," is present. The stipulated facts are that the participant pays nothing, buys nothing, and does nothing except fill in the coupon on the calendar and arrange to *306 have the same deposited in the contest prize box. Does the filling in of this coupon and arranging for its deposit constitute a consideration sufficient to satisfy the requirement of a lottery? It is thought not.
In Furst v. A & G Amusement Co., 128 N.J.L. 311 (E. & A. 1942), a "bank night" scheme was held to be within the prohibition of the lottery statute. There the court said a lottery, in the illegal aspect, implies a consideration which at common law would support a contract; and it was elementary that such a consideration may be either some benefit to the promisor or some inconvenience to the promisee. However, the court did state that all determinations by lot were not illegal and that if the distribution of "prizes" were a pure gift, it would agree the proceeding did not constitute a lottery within the intent of the statute.
The facts here more closely parallel those in Federal Communications Commission v. American Broadcasting Company, supra. The court there found that the effort required for participation in the "give away" program, that is, merely listening to a radio or television program, was not sufficient to constitute the element of consideration in a lottery. In that case it had been contended that a commercial benefit to the promoter satisfied the consideration requirement. It was held that it would be stretching the statute to the breaking point to give it an interpretation that would make such programs a crime. This was particularly so because it involved the interpretation of a penal statute and the rule of strict construction applied.
In this "Lucky Calendar" matter there is benefit, of course, to the plaintiff, but it is not the type of benefit that is meant when we talk of a detriment or benefit as constituting consideration as one of the elements of a lottery. It must be kept in mind that it is a criminal statute which is being considered. It is not the value to the participant of what he gives which must be weighed. It is the price that is furnished by the participant that constitutes the consideration. The alleged detriment of filling out a coupon and arranging for its deposit in a prize contest box is not the kind of consideration *307 which is contemplated by the lottery statute. Technically, in applying the law of contracts, that may be true, but that is not sufficient when a lottery statute, a criminal statute is involved. American Broadcasting Company v. United States, 110 F. Supp. 374, 385 (D.C.S.D.N.Y. 1953), affirmed in F.C.C. v. American Broadcasting Co., 347 U.S. 28, 74 S.Ct. 593, 98 L.Ed. 699 (1954); Garden City Chamber of Commerce v. Wagner, 100 F. Supp. 769 (D.C.E.D.N.Y. 1951), stay denied 192 F.2d 240 (2d Cir. 1951).
The Raffles Licensing Law (N.J.S.A. 5:8-50 et seq.) does not here apply. It is enough to say that plaintiff is a private corporation. It is not listed within the class of organizations licensed under that statute. It is also stipulated that no one buys or sells any shares or tickets or right to participate in a drawing. Under such circumstances that statute is not applicable.
Plaintiff's motion for summary judgment is granted and defendant's counter-motion for summary judgment denied.