JOURNAL SQUARE MERCHANTS ASSOCIATION, AN UN-INCORPORATED ASSOCIATION OF SEVEN OR MORE PERSONS HAVING A RECOGNIZED NAME, PLAINTIFF-RESPONDENT, v. JAMES L. McNAMARA, CHIEF OF POLICE OF JERSEY CITY, CAPTAIN JAMES B. CAREY, AND FREDERICK T. LAW, HUDSON COUNTY PROSE-CUTOR, DEFENDANTS-APPELLANTS.

Argued September 27, 1955—Decided October 24, 1955.

420

*Mr. Ralph L. Fusco,* Deputy Attorney-General, argued the cause for the appellant (*Mr. Grover C. Richman, Jr.,* Attorney-General).

The opinion of the court was delivered by

VANDERBILT, C. J. This is an appeal from a judgment of the Law Division of the Superior Court, in favor of the plaintiff in a suit which sought by way of declaratory judgment to determine the legality of a business promotion program providing for a prize drawing. The case was certified by this court on its own motion while pending in the Appellate Division of the Superior Court. The matter presents the same legal issue under the Lottery Act, *N. J. S.* 2A:121–1, as in *Lucky Calendar Co., Inc., v. Cohen.*

The plaintiff is an unincorporated association of approximately 75 businessmen and three banks all located in the Journal Square area of Jersey City, existing for the purpose of promoting business and civic activities in that section of the city. By means of a three-day sales promotion campaign, one of three held each year, it intended to dramatize the advantages of Journal Square and the facilities made available to the public by its stores and financial institutions. In the campaign planned for June 1954, which was in part carried out, spectacular advertisements were placed in the Hudson County newspapers and, to induce patronage, free transportation by bus from any part of the City of Jersey City to Journal Square was offered. Various members of the association distributed to the public without cost, charge or express condition, about one-half million

coupons, which entitled the holders thereof to participate in a drawing for some 51 valuable prizes which were to have been awarded on June 28, 1954. The grand prize was a new Studebaker automobile. The other prizes were mainly gift certificates donated by the various merchant members of the association.

Any member of the public could receive one or more coupons by going into any of the stores or establishments of the participating merchants and asking for them, or taking them from the counter. No purchase was required. In addition the executive secretary of the plaintiff association distributed five thousand of the one-half million coupons on the sidewalks of Bergen Avenue, Hudson Boulevard and Journal Square to all who chose to accept them but the advertising gave no notice of this fact.

These coupons each contained a serial number and had a duplicate stub attached. The stubs were to be delivered to association members and by them to the plaintiff for ultimate deposit in a receptacle from which the prize drawings were to be made.

The costs and expenses of the promotional program were to be paid by the plaintiff; this, of course, was made possible by the contributions made by the various members of the plaintiff association.

On the second day of the campaign the Jersey City Police Department, acting under instructions from the Hudson County Prosecutor, demanded that the plaintiff discontinue the program insofar as it involved the drawing for the award of prizes on the ground that the scheme was in violation of the Lottery Act, *N. J. S.* 2*A*:121–1.

The plaintiff obeyed and abstained *pendente lite* from consummating the advertised awarding of prizes. In lieu of the drawing the plaintiff placed advertisements in the newspapers to apprise the holders of coupons of its predicament and it advised them to retain their coupons pending the determination of the legality of the program. This action was immediately instituted. The issue was submitted to the trial court on the pleadings and a stipulation of facts

and it was there held that the program was not in violation of the Lottery Act on the ground that the consideration necessary to a lottery was, on the facts of this case, lacking, the trial judge expressing the opinion that the holding in *Furst v. A. & G. Amusement Co.*, 128 *N. J. L.* 311 (*E. & A.* 1942), should not be extended beyond the facts of that case. This was error. What we have said in disposing of the case of *Lucky Calendar Co., Inc., v. Cohen*, is equally applicable here. The scheme involves all the evils of a classic lottery from the standpoint of the public welfare but aggravated by the specious appearance of innocence.

The judgment is reversed.

HEHER, J., concurring in result.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice OLIPHANT—1.