165 N.J. Super. 144 (1979)
397 A.2d 1098
CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY; POLICE TRAINING COMMISSION, DEPARTMENT OF LAW & PUBLIC SAFETY OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
SENATE OF THE STATE OF NEW JERSEY, DEFENDANT, and GENERAL ASSEMBLY OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 1978.
Decided January 5, 1979.
*145 Before Judges LYNCH, CRANE and HORN.
Messrs. Stockman, Mancino, Marinari, Smithson & O'Donnell, attorneys for appellant (Mr. Lawrence T. Marinari, of counsel; Ms. Maria Marinari Sypek on the brief).
Mr. John J. Degnan, Attorney General, attorney for respondents (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Ms. Erminie L. Conley, Deputy Attorney General, on the brief).
PER CURIAM.
By this appeal defendant General Assembly of the State of New Jersey[1] seeks to overturn and render nugatory a judgment entered in the Superior Court, Law Division, declaring "that in accordance with an oral opinion *146 issued in this matter on March 31, 1977, such special legislation violates N.J. Const., Art. IV, § 7, para. 9(5) and is, therefore, unconstitutional."
Plaintiffs initiated this action for a declaratory judgment on the basis of their particular powers in regard to the Civil Service system in this State. Plaintiff Civil Service Commission alleged that it was empowered by law to administer and enforce the merit and fitness system embodied in N.J.S.A. 11:1-1 et seq. Plaintiff Police Training Commission of the Department of Law and Public Safety alleged that it was empowered "by law to establish the selection, approval, inspection, curriculum, minimum courses of study, standards of operation and minimal qualifications of instructors of educational and training facilities providing a police training course for new police officers and to certify police officers upon their satisfactory completion of the required training course. N.J.S.A. 52:17B-71."
The "special legislation" declared in the judgment to be unconstitutional were all legislative enactments "which permit municipalities to appoint certain individuals to permanent positions in the municipality's police force without that person [sic] meeting the requirements of the Civil Service Commission * * *" (oral opinion of the trial judge).
It appears without dispute that the issue was presented to the trial court on what was tantamount to an agreed factual presentation. The factual basis appears to be that since the 1930s the Legislature has enacted over 300 special laws which waive for particular individuals Civil Service and police training standards and qualifications for permanent appointment to various municipal police departments, notwithstanding constitutional and statutory Civil Service examination requirements and statutory police training requirements. During the legislative session of 1974-1975 there were 30 such laws enacted. E.g., chapter 126 to chapter 136, and chapter 177 of the Laws of 1974; chapter 40, chapter 50 to chapter 65, chapter 368, chapter 374, chapter 384 and chapter 286 of the Laws of 1975. At the time of the filing *147 of the complaint in this matter there were pending in the Legislature 18 bills which, if enacted, would constitute similar special legislation.
Plaintiffs sought a judgment declaring unconstitutional all legislation hereafter enacted which waives for certain individuals Civil Service merit and fitness qualifications for appointments to Civil Service positions and authorizes the permanent appointment of such individuals, notwithstanding constitutional and statutory Civil Service merit and fitness requirements and statutory police training requirements.
Judgment was rendered on plaintiffs' motion for judgment on the pleadings.[2]
In addition to arguing on this appeal that the trial court erred in finding that such special legislation violated N.J. Const. (1947), Art. IV, § VII, par. 9(5), defendant urges that the trial judge should not have attempted to declare the rights or the status of parties upon a statement of facts which is future, contingent and uncertain, amounting to an advisory opinion. Further, defendant asserts that the specific municipalities involved in such legislation should have been made party to this action seeking declaratory relief.
In disposing of defendants' contention that this action did not present a justiciable controversy, the trial judge observed that the issue under dispute is
* * * one of long standing. The Legislature has passed these so-called questionable laws and plaintiff has been objecting over the years. The uncertainty that the Civil Service Commission and the other plaintiff have with respect to their rights in controlling and overseeing and administering public employment appointments or promotions certainly requires, it would seem to me, this court to accept jurisdiction.
*148 We disagree and reverse, on the sole ground that in our view there was no justiciable controversy and consequently the complaint should have been dismissed.
We are not informed why apparently none of the numerous enactments mentioned as having been adopted were not challenged specifically. It is clear that in the instant action plaintiffs merely sought to have the court advise the Legislature that future special laws of the same type would not be constitutional. The allegations of the complaint necessarily imply that all future legislation of this type would contain the same language pattern as in the past enactments. Although we find this to be understandable, since there appear from those reproduced in plaintiffs' appendix 18 bills pending in the 1976 legislative year which are said to be representative of the type of legislation which plaintiffs contend is invalid, it does not, in our view, furnish the appropriate foundation for the relief sought.
The Uniform Declaratory Judgment Law, N.J.S.A. 2A:16-50 et seq., has been expressly declared to be remedial. Its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. It is to be liberally construed and administered. N.J.S.A. 2A:16-51. Nonetheless, it "cannot be used to decide or declare rights or status of parties upon a state of facts which are future, contingent and uncertain. The act is not to be used to obtain advisory opinions." Lucky Calendar Co. v. Cohen, 36 N.J. Super. 300, 304 (Law Div. 1955), aff'd 20 N.J. 451, 454 (1956); Miller v. Wayne Tp., 154 N.J. Super. 247 (Law Div. 1977).
N.J.S.A. 2A:16-53 provides:
A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
*149 In the case at bar there is no present viable statute affecting the rights of status of plaintiffs. Plaintiffs failed to seek timely review of any of the numerous statutes of the type cited by them. Had such review been sought, all indispensable parties would have been joined, so that the issue when decided would be conclusive. The municipalities and proposed appointees would have been included as parties.
Plaintiffs no longer have any interest in past enactments which were implemented without challenge by them. They assume that similar legislation will be enacted. They refer to no emergency which requires an adjudication in advance of future enactments. As stated, if and when such legislation emerges the affected municipality or municipalities and proposed appointees will be given an opportunity to be heard. In re Van Syckle, 118 N.J.L. 578 (E. & A. 1937).
The enacted statutes of the type assailed are not identical. They permit municipalities to appoint on the waiver of different Civil Service requirements, such as age, height, residence or competitive examination. We feel that these classes of statutes will have to be reviewed when and if they are adopted. See Johnston v. Westfield Bd. of Adj., 118 N.J.L. 298 (Sup. Ct. 1937).
We conclude that the trial judge erred in failing to dismiss the complaint. Accordingly, the judgment entered in the trial court is vacated and determined to be void.
NOTES
[1] The Senate of the State of New Jersey was a defendant in the action. The Senate did not join in this appeal. "Defendant" therefore refers only to the general Assembly of the State of New Jersey.
[2] Defendant asserts that "[t]he matter was heard by cross-motions for Summary Judgment," but we do not find any evidence of this in the record.