Dear Senator Wilson:
This letter is in response to your question asking whether a promotion conducted by a university alumni association is a lottery under the laws of Missouri.
It is our understanding that all of the alumni of a university are eligible to participate in the promotion. Any alumnus enrolling three new members into the association during the campaign will have the opportunity to participate in a drawing at the conclusion of the campaign. The winner, who will be chosen by random drawing, will receive an expense-paid trip for two persons to a foreign: destination not yet determined. Any new member recruited will be required to pay membership dues.
Article III, Section 39, Missouri Constitution, states in pertinent part:
The general assembly shall not have power:
* * *
 (9) To authorize lotteries of gift enterprises for any purpose, and shall enact laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; except that, nothing in this section shall be so construed as to prevent or prohibit citizens of this state from participating in games or contests of skill or chance where no consideration is required to be given for the privilege or opportunity of participating or for receiving the award or prize and the term "lottery or gift enterprise" shall mean only those games or contests whereby money or something of value is exchanged directly for the ticket or chance to participate in the game or contest. The general assembly may, by law, provide standards and conditions to regulate or guarantee the awarding of prizes provided for in such games or contests under the provision of this subdivision.
In Missouri, the elements of a lottery are chance, prize, and consideration. Mobil Oil Corporation v. Danforth, 455 S.W.2d 505,508 (Mo. banc 1970).
There is no question that this promotional contest includes the first two elements of a prohibited lottery. The element of "prize" is satisfied by the awarding of a trip; the "chance" requirement is supplied by the random drawing for the prize. The question remains whether the time and effort expended in the solicitation of new members constitutes valuable consideration.
Missouri courts have defined valuable consideration as a "right, interest, profit or benefit accruing to one party or some forbearance, loss or responsibility given, suffered or undertaken by the other." Perbal v. Dazor Manufacturing Corp., 436 S.W.2d 677,697 (Mo. 1968); Atherton v. Atherton, 480 S.W.2d 513, 518
(Mo.App., K.C.D. 1972). Inherent in this concept is that the consideration should be something understood to be such by both parties.Cudd v. Aschenbrenner, 377 P.2d 150, 157 (Or. 1962). In the context of a lottery, services or efforts expended as a condition for entrance into a drawing qualify as consideration only if the services or efforts are more than trivial. Garden City Chamber of Commercev. Wagner, 100 F. Supp. 769, 772 (E.D. N.Y. 1951) aff'd.,192 F.2d 240 (2nd Cir. 1951); F.C.C. v. American Broadcasting Co.,347 U.S. 284, 294, 98 L.Ed. 699, 74 S.Ct. 593 (1954).
Each person (the participant) in the promotion you describe must search out and persuade at least three persons to undertake a financial obligation to the association. In consideration for this service, the participant earns the opportunity to win an expense-paid trip. We believe the solicitation of new members is a valuable effort rendered by the participant for the opportunity to participate in the drawing. Therefore, we believe the element of consideration is present in the promotion you describe and must conclude that such a promotion constitutes a lottery in violation of the laws of this state.
Very truly yours,
 JOHN ASHCROFT Attorney General