**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0881-24

PETER BARBATO and NORTH
JERSEY PUBLIC ADJUSTERS
INC., on behalf of themselves and
a class of similarly situated persons,

     Plaintiffs-Appellants,

v.

INTERSTATE FIRE & CASUALTY
COMPANY, INDEPENDENT
SPECIALTY INSURANCE COMPANY,
CERTAIN UNDERWRITERS AT
LLOYD'S LONDON-SYNDICATE
2357, CERTAIN UNDERWRITERS
AT LLOYD'S and OTHER INSURERS
SUBSCRIBING TO BINDING
AUTHORITY B604510568622022,

     Defendants-Respondents,

and

COLONIAL CLAIMS LLC,
SEDGWICK DELEGATED
AUTHORITY, VELOCITY CLAIMS
LLC (d/b/a VELOCITY RISK
INSURANCE AGENCY LLC), and
MARLENE CARIDE, (in her official

capacity as Commissioner of the
New Jersey Department of Banking
and Insurance),

      Defendants.

_____

Submitted September 23, 2025 – Decided November 3, 2025

Before Judges Sumners, Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket No. L-1591-23.

Jeffrey A. Bronster, attorney for appellants.

McClellan Bernstiel LLP, attorneys for respondents
(George McClellan, on the brief).

PER CURIAM

This appeal raises the question of whether a litigant, who is not a party to a contract and has not suffered any actual harm, may challenge the validity of a provision in the contract.

Plaintiffs Peter Barbato and North Jersey Public Adjusters Inc., licensed public adjusters in New Jersey and New York, filed a complaint against several defendant insurance companies: Interstate Fire & Casualty Company, Independent Specialty Insurance Company, Certain Underwriters at Lloyds – Syndicate 2357, and Other Insurers Subscribing To Binding Authority B604510568622022, seeking a declaration pursuant to the New Jersey

2

Declaratory Judgment Act (Act), N.J.S.A. 2A:16-50 to -62, invalidating the "Anti-Public-Adjuster Endorsement" (APA Endorsement) contained in defendants' insurance contracts as against public policy. These APA Endorsements prohibit an insured from retaining or using the services of a public adjuster to "inspect, evaluate, or adjust" any loss covered by the insured's policy. Plaintiffs sought class certification to represent New York and New Jersey public adjusters.

On October 25, 2024, the trial court denied plaintiffs' motion for class certification, finding insufficient evidence to establish the requirements for class certification under Rule 4:3-1. On November 22, 2024, the court also dismissed plaintiffs' third amended complaint (TAC) with prejudice, determining that the claims were not ripe for adjudication. Plaintiffs appeal from the October 25, 2024 and November 22, 2024 orders, contending the trial court erred in denying class certification and dismissing plaintiffs' complaint seeking a declaratory judgment. We affirm.

I.

We glean the undisputed facts and pertinent procedural history from the motion record. Plaintiffs are public adjusters in New Jersey. Defendants have

A-0881-24

issued policies insuring property in New Jersey. Each policy issued by defendants contains an APA Endorsement provision, which states:

ANTI-PUBLIC ADJUSTER ENDORSEMENT
THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. This endorsement does not change any other provision of the insurance policy to which it is affixed. This endorsement is a part of this insurance policy and takes effect on the effective date of this insurance policy unless another effective date is shown.

It is understood and agreed that a condition of this [policy] is that the [named insured] shall not hire, engage, retain, contract with, or otherwise utilize the services of a public adjuster, whether or not licensed in the state where the property is located or any other jurisdiction to inspect, evaluate, or adjust any loss covered by the [policy].

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

Plaintiffs' original complaint sought financial damages against two groups of defendants: four insurance companies and three administrators that serviced the insurance companies. The complaint alleged defendants issued a policy to 122-20 Ocean Promenade Owner LLC (the Insured) covering an apartment building located at 158 W. 27th Street, New York, NY. The property suffered

4

a fire loss. The complaint further alleged that the Insured hired Barbato to serve as its public adjuster to adjust the claim with the insurance company. It was alleged that after the insurance company was notified of Barbato's involvement, the company invoked the APA Endorsement, demanding the contract with Barbato be cancelled.

By way of an August 19, 2024 consent order, the parties agreed to dismiss the New York claims with prejudice but agreed the claims could be refiled thereafter in New York.

Plaintiffs' complaint was amended three times. On July 22, 2024, the court permitted Barbato to file a second amended complaint adding plaintiff, North Jersey Public Adjusters Inc, a North Jersey public adjusting company and Barbato's employer. On September 1, 2024, plaintiffs filed their TAC, the subject of this appeal, seeking only a declaratory judgment that the APA Endorsement provisions in the insurance policies violated New Jersey public policy. Unlike the original complaint, the TAC did not allege that any insured had hired an adjuster, and defendants invoked the APA Endorsement, threatening to cancel the policy. Nor did the TAC allege that any insured decided against retaining plaintiffs because of the policy's APA Endorsement.

A-0881-24

Plaintiffs filed a motion for class certification on behalf of all New Jersey licensed public adjusters. On October 25, 2024, the court denied certification. In lieu of an answer, defendants moved to dismiss the complaint for failure to state a ripe claim. On November 22, 2024, the court dismissed plaintiffs' TAC with prejudice, reasoning that the TAC did not "allege the existence of a New Jersey insured who ha[d] sustained a loss and did not retain[] plaintiffs due to the subject endorsement." As the court noted, the TAC did not set forth any harm or injury plaintiffs suffered because of defendants' APA Endorsement. Because the injury was merely speculative and the policies did not create "an issue in controversy," the court ruled the complaint insufficient. The court further found plaintiffs' relationship with the insurance contract "too attenuated to afford declaratory relief on a question of [the provision's] validity."

On appeal, plaintiffs contend the trial court erred in dismissing plaintiffs' TAC complaint for declaratory judgment and in holding that plaintiffs did not meet the requirements for class certification.

## II.

We review "Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley,

Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). In considering a Rule 4:6-2 motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. "The complaint must be searched thoroughly 'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Ibid. (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). However, "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Ibid. (citing Dimitrakopoulos, 237 N.J. at 107).

## A.

We first address plaintiffs' contention that the trial court erred in dismissing their TAC complaint because it did not allege any harm or injury to plaintiffs as a result of defendants' APA Endorsement, and thus, there was no controversy ripe for adjudication. Plaintiffs argue their claims are ripe because of the inclusion of this provision in defendants' policies, preventing insureds from hiring a public adjuster now and in the future. Moreover, plaintiffs assert

A-0881-24

the purpose of declaratory relief under the Act is to prevent damage regardless of whether injury has yet to occur or never occurs.

In our jurisprudence, "it is well settled that we [do] not render advisory opinions or function in the abstract." Independent Realty Co. v. Twp. of North Bergen, 376 N.J. Super. 295, 301 (App. Div. 2005) (citing Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107 (1971)). Rather, litigation is restricted "to those situations where the litigant's concern with the subject matter evidenced a sufficient stake and real adverseness." Ibid. (internal citation and quotation marks omitted). The ripeness doctrine prevents "premature adjudication" or "entangl[ement] . . . in abstract disagreements." House of Fire Christian Church v. Zoning Bd. of Adjustment of City of Clifton, 379 N.J. Super. 526, 547 (App. Div. 2005) (quoting Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347 (2d Cir. 2005)). Therefore, we decide only "concrete contested issues conclusively affecting the parties' adverse interests." Matter of N.J. Firemen's Ass'n Obligation to Provide Relief Applications Under Open Pub. Records Act, 230 N.J. 258, 275 (2017).

Under the Act, specifically N.J.S.A. 2A:16-53, declaratory relief may be warranted when:

> A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights,

> status or other legal relations <u>are affected</u> by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
>
> [(Emphasis added).]

Contrary to plaintiffs' assertion, the express language of the statute requires a person's "rights, status or other legal relations" to be affected before declaratory relief may be granted. In other words, "declaratory judgment is not an appropriate way to discern the rights or status of parties upon a state of facts that are future, contingent, and uncertain." <u>Independent Realty Co.</u>, 376 N.J. at 302 (citing <u>Civil Serv. Comm'n v. Senate</u>, 165 N.J. Super. 144, 148 (App. Div. 1979)). Declaratory relief, as with monetary damages, may be sought only in the context of a real controversy.

Here, as the trial court reasoned, plaintiffs did not have an insured who suffered a loss, wanted to adjust that loss with the help of a public adjuster, or retained a public adjuster to assist them in adjusting that loss. The court also maintained that no insurance company barred the retention of an adjuster by enforcing the APA Endorsement. We reject plaintiffs' assertion that the mere existence of the provision in the insurance contracts is sufficient to create a real controversy. <u>See</u> <u>Paley v. Barton Sav. & Loan Ass'n</u>, 82 N.J. Super. 75, 81-82

(App. Div. 1964) (holding lack of factual scenario challenging validity of mortgage provision as contrary to public policy did not present a case in controversy for adjudication).

Plaintiffs attempt to distinguish our decision in Independent Realty from the present case because "[n]o controversy was raised merely by the passage of the ordinances, as no rights had been taken away." We disagree. In Independent Realty, the plaintiff, an owner of undeveloped property, obtained local site plan approval with variances to build on the site. 376 N.J. Super. at 298. However, the plaintiff never "sought to develop on the site" nor did the plaintiff apply for a construction permit or take steps to obtain the necessary approvals. Id. at 298-99. Nonetheless, the plaintiff commenced a declaratory judgment action "despite [not having received an] adverse ruling" by local authorities, and instead, "sought a determination that a change in the township's zoning ordinance did not vitiate prior site plan and variance approvals." Id. at 299-300.

In affirming the trial court's ruling, we were satisfied that declaratory judgment relief was unavailable because "the issue presented [did] not raise a justiciable controversy that [was] ripe for judicial determination." Id. at 302. Similarly, in the present case, there is no actual dispute until and unless

defendants act to enforce the APA Endorsement provisions with their insureds who sought to retain plaintiffs after having suffered a loss.

Based on our de novo review, we are satisfied the trial court correctly concluded that, in light of the lack of real adverseness, plaintiffs' claims were not ripe for adjudication. Instead, those claims amounted to an attempt to have the court adjudicate the validity of the APA Endorsement provision "in advance" of some future controversy. See Donadio v. Cunningham, 58 N.J. 309, 325 (1971).

## B.

Next, we address defendants' assertion of lack of standing as an independent basis upon which to dismiss plaintiffs' complaint. In their complaint, plaintiffs seek a declaration that the APA Endorsement is void as against public policy. Plaintiffs acknowledge that the "object of the lawsuit" is not monetary damages, but rather, "to save the public adjusting profession from extinction." However, plaintiffs are not parties to any of defendants' contracts.

Because the trial court dismissed plaintiffs' complaint on the grounds that it did not establish an issue in controversy, the court did not reach the standing issue. Having determined that plaintiffs have not pled a ripe claim, we need not

11

reach the issue of whether, under the Act, a non-party to a contract may seek relief. This issue must await an actual controversy.

C.

Finally, we turn to plaintiffs' contention that the court erred by denying class certification as memorialized in its October 25, 2024 order. The court's ruling on class certification, however, pre-dated the November 22, 2024 order, dismissing plaintiffs' TAC for failure to state a cause of action. Having determined that plaintiffs' complaint did not raise a justiciable controversy ripe for adjudication, the issue of class certification is moot. See Redd v. Bowman, 223 N.J. 87, 104 (2015) (holding an issue is moot when our decision "can have no practical effect on the existing controversy.") (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (internal quotation marks omitted)).

To the extent not specifically discussed, any remaining arguments presented by plaintiffs are without merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division